In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00201-CR**
_____

**BRUCE WAYNE HARP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR30729**

**MEMORANDUM OPINION**

A jury found appellant Bruce Wayne Harp guilty of continuous sexual abuse of a child and assessed punishment at thirty-five years imprisonment with the Texas Department of Criminal Justice's Institutional Division. Harp timely filed a notice of appeal.

Harp's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief presents his professional evaluation of the record and

1

concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Harp with a copy of the brief. We granted an extension of time for Harp to file a pro se brief. Harp filed a pro se brief raising a number of issues on appeal.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Harp's appellate counsel that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Harp's appeal. *See id.*; *cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

---

[1] Harp may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED.

                              _____

                                    CHARLES KREGER
                                        Justice

Submitted on September 8, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.